ANDREW COPELAND v. JOHN GRANGER and others.

October Term, 1877.

CHANCERY PRACTICE — WHERE THE HUSBAND FILES A BILL AGAINST THE WIFE, SHE ANSWERS AS A FEME SOLE. — If a husband as complainant make his wife a defendant, he treats her as a *feme sole*, and she answers separately without an order of court for the purpose, and without a guardian *ad litem*, or next friend.

THE CHANCELLOR : — The bill is filed to foreclose a mortgage on land, made to secure borrowed money. The mortgageor died intestate, and one of his heirs is the wife of the complainant, the mortgagee. In view of the conflict of interest between the husband and wife, the complainant has made his wife a defendant, and has moved the court to appoint a next friend to appear and answer for her.

If a husband is complainant in a suit, and makes his wife a defendant, he treats her as a *feme sole*, and she may

answer separately without an order of court for the purpose. *Ex parte Strangeways*, 3 Atk. 478 ; *Brooks* v. *Brooks*, Pr. Ch. 24.; *Ainslie* v. *Medlicott*, 13 Ves. 266 ; *Higginson* v. *Wilson*, 11 Jur. 1061. In the first of these cases, the bill being by the husband against the wife, the latter made the application for a guardian to answer for her. Lord Hardwicke said "that the husband's bringing a bill against her is admitting her to be a *feme sole*, and she must put in an answer as such ; and that he never knew an instance of appointing a guardian in this case." In the second case, the wife had before marriage entered into articles concerning her own estate ; and upon bill filed against her by the husband, and motion to have her committed for not answering interrogatories, the court said she had made herself as a separate person from her husband, and ordered her to answer in a week's time. In the third case, upon a bill by the husband, an order was made as of course upon the wife to put in an answer. And it has been held by high authority, that a married woman who obtains an order to answer separately from her husband renders herself liable to process of contempt in case she does not put in her answer pursuant to the order. *Powell* v. *Prentice*, Ridgw. P. C. 258. There is nothing in conflict with these rulings, and the text-writers lay down the law accordingly. Mitf. Pl. 95 ; 1 Dan. Ch. Pr. 143.